**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JULIE ELLIS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 12-1795 (JEB)** |
| **DOUGLAS SHULMAN,** *et al.*, | |
| **Defendants.** | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Julie Ellis has filed a one-page Complaint that is frivolous on its face.

She alleges that she is "suing the United States Treasury for any money collected by US

Taxpayers that have gone to any kind of foreign aid in last ten years [*sic*]." Id. at 1.  "The United

States of America should not be giving any money at all to foreign countries during the crisis we

are in and have been for years." Id.  Plaintiff seeks "one billion dollars" and pledges to "pass

this money all back into the United States economy through various fashions." Id.

In response, the Court issued a Minute Order on November 6, 2012, which stated, in part:

> Plaintiff cannot sue simply because she disagrees with budget
> decisions by Congress; instead, she must articulate what law or
> constitutional provision has been violated. In addition, although
> she seeks "one billion dollars," she never explains what her
> standing is or why she herself should receive any money. To avoid
> the Government's expenditure of resources to defend what appears
> to be a frivolous action, the Court *sua sponte* ORDERS that
> Plaintiff may have until November 21, 2012, to file an amended
> complaint setting forth the basis of her standing to sue and the
> legal violations she alleges. A failure to do so may result in
> dismissal.

Plaintiff never responded to explain either her standing or what legal violation she is contending occurred.  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citations and internal quotations omitted); see also Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (may dismiss claims that are "essentially fictitious" – for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Having afforded Plaintiff the opportunity to explain the basis of her suit and having received no response, the Court concludes that the Complaint is frivolous and should be dismissed.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  December 3, 2012